Morton NESSES, Plaintiff–Appellant,

v.

Randall T. SHEPARD, et al.,
Defendants–Appellees.

No. 93–3928.

United States Court of Appeals,
Seventh Circuit.

Submitted April 21, 1995.

Decided Oct. 10, 1995.

Morton Nesses (submitted), Greenwood, IN, for Morton Nesses.

David F. Hurley, Carrie G. Doehrmann, Office of the Attorney General, Indianapolis, IN, for Randall T. Shepard, John T. Sharpnack, Wesley W. Ratliff, Jr., Brent E. Dickson, Richard M. Given, Jon D. Krahulik, John G. Baker, George B. Hoffman, Jonathan J. Robertson, Chris D. Monroe.

Roger O. DeBruler, Indiana State Supreme Court, Indianapolis, IN, pro se.

David J. Mallon, Jr., Ice, Miller, Donadio & Ryan, Indianapolis, IN, for Robert G. Weddle, Lloyd T. Wilson, Jr., Mary H. Watts, Tammy J. Meyer, Nana Quay–Smith, Bingham, Summers, Welsh & Spilman.

Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.

POSNER, Chief Judge.

The plaintiff in this suit under 42 U.S.C. § 1983 had brought a suit for breach of contract in an Indiana state court and when he lost had sued the defendant's lawyers, also in an Indiana state court, alleging abuse of process, and had lost that suit too—plus a third suit, also against those lawyers, also in an Indiana state court, also lost. The present suit is against the same lawyers plus some of the judges at the different stages of the Indiana litigation. It alleges a massive, tentacular conspiracy among the lawyers and the judges to engineer Nesses' defeat by, among other things, declaring him inexcusably dilatory in complying with a discovery order. He claims that the lawyers for his opponent in the original suit for breach of contract used their political clout to turn the state judges against him. The district court dismissed the suit for want of jurisdiction on the basis of the *"Rooker–Feldman"* doctrine: a federal court other than the Supreme Court lacks jurisdiction to review a decision by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

■ Was Nesses seeking to review the decisions by the state court, in violation of *Rooker–Feldman?* This is a difficult question. He was in a sense attacking the ruling by the state court that he had been inexcusably dilatory in complying with a discovery order; he was in the same sense attacking the decisions themselves that dismissed his suit. *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir.1995), however, points out that the *Rooker–Feldman* doctrine, if it is to be kept distinct from res judicata (we remarked on the ease of confusing *Rooker–Feldman* with res judicata in *GASH Associates v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir.1993)), ought to be confined to cases in which the defendant in the state court is seeking to undo a remedial order of some sort (ordinarily a criminal conviction or an injunction). That is unmistakably a collateral attack on the state court's judgment. When a plaintiff seeks to relitigate a suit that has been decided against him, he is not so much attacking as trying to bypass the judgment in that suit; and the doctrine that blocks him is res judicata. It blocks Nesses, who had previously sued the lawyers twice (but of course once would have been enough for res judicata to operate as a defense) for the same wrongdoing, and lost.

■ It is true that the present suit contains allegations not found in the previous suits against the lawyers—namely that they also conspired with the trial judge in the second suit against the lawyers, which was brought after the first such suit had been dismissed. But this is just an allegation that an additional person was brought into a conspiracy that had already been adjudged not to exist. We do not think the preclusive effect of a prior judgment can be avoided by the facile expedient of claiming that the judge was a cat's paw of the winning party's lawyers, any more than it can be avoided by alleging simply the continuation of the conspiracy that formed the basis for the previous action. *In re Dual–Deck Cassette Recorder Antitrust Litigation*, 11 F.3d 1460, 1463–64 (9th Cir.1993); *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 110, 114–15 (5th Cir.1975). Enough new misconduct must be alleged to support the claim without reference to the earlier misconduct. In *Harkins Amusement Enterprises, Inc. v. Harry Nace Co.*, 890 F.2d 181 (9th Cir.1989), the allegation was that a fresh conspiracy had been formed. That is not alleged here. Merely adding another party to the allegation of a nonexistent conspiracy does not satisfy the requirement of alleging fresh misconduct, misconduct not dependent on the truth of a claim rejected in the previous suit.

■ We have grave doubts that Nesses has even stated a federal claim. For it is unclear, to say the least, that the U.S. Constitution can be thought to forbid the operation of politics in state judiciaries, which seems to be all that Nesses' claim amounts to. See *Buckley v. Illinois Judicial Inquiry Board*, 997 F.2d 224 (7th Cir.1993). Most state judges are elected, some in partisan

elections; the inevitable result is the injection of politics into the judicial process (see, e.g., Mark Hansen, "The High Cost of Judging," 77 *ABAJ*, Sept. 1991, p. 44); no one (well, *almost* no one; for see the very interesting article by Steven P. Croley, "The Majoritarian Difficulty: Elective Judiciaries and the Rule of Law," 62 *University of Chicago Law Review* 689 (1995)) supposes that therefore the election of judges is unconstitutional. At some point politicization of the legal process might violate a litigant's rights under the free-speech or due process clauses of the Constitution—the judge might be a political enemy of the litigant, determined to rule against him in retaliation for his political views—but we cannot find any indication that this point was reached in the present case.

Furthermore, Nesses cannot show injury from the alleged conspiracy unless the decision dismissing his suit for breach of contract was erroneous. For suppose that although there was this nefarious conspiracy his suit had no merit and so would have failed even if there had been no conspiracy. Then the conspiracy did him no harm and without harm there is no tort, *Niehus v. Liberio,* 973 F.2d 526, 531–32 (7th Cir.1992), a principle as applicable to constitutional torts as to common law torts. *Buckley v. Fitzsimmons,* 20 F.3d 789, 796 (7th Cir.1994). To show harm and thus keep the present suit alive, Nesses would have to show that the decision by the Indiana court in his suit for breach of contract was erroneous, and that, it may appear, *Rooker–Feldman* bars him from doing. But the doctrine is not that broad. Were Nesses merely claiming that the decision of the state court was incorrect, even that it denied him some constitutional right, the doctrine would indeed bar his claim. But if he claims, as he does, that people involved in the decision violated some independent right of his, such as the right (if it is a right) to be judged by a tribunal that is uncontaminated by politics, then he can, without being blocked by the *Rooker–Feldman* doctrine, sue to vindicate that right and show as part of his claim for damages that the violation caused the decision to be adverse to him and thus did him harm. *Nelson v. Murphy,* 44 F.3d 497, 503 (7th Cir.1995); *GASH Associates v. Village of Rosemont, supra,* 995 F.2d at 728. Otherwise there would be *no federal remedy* for a violation of federal rights whenever the violator so far succeeded in corrupting the state judicial process as to obtain a favorable judgment, as alleged in cases such as *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), and *Casa Marie, Inc. v. Superior Court,* 988 F.2d 252, 259 (1st Cir. 1993). This result would be inconsistent with cases in which, for example, police officers are sued under 42 U.S.C. § 1983 for having fabricated evidence that resulted in the plaintiff's being convicted in a state court. *Smith v. Springer,* 859 F.2d 31, 33 (7th Cir.1988); *Jones v. City of Chicago,* 856 F.2d 985, 992–94 (7th Cir.1988); *Robinson v. Maruffi,* 895 F.2d 649 (10th Cir.1990); see *Buckley v. Fitzsimmons, supra,* 20 F.3d at 796.

It is true that under current law the plaintiff in such a case would first have to get the conviction set aside if his claim that his constitutional rights had been infringed would, if accepted, invalidate his conviction. *Heck v. Humphrey,* —— U.S. ——, ———–——, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d 383 (1994); *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir.1995) (per curiam). (That might depend on how important the fabricated evidence had been to the prosecutor's case. If it had not been essential, so that the plaintiff would have been convicted anyway, the principle of *Heck* would not bar his suit, though he might find it impossible to prove any damages. *Heck v. Humphrey, supra,* —— U.S. at —— n. 7, 114 S.Ct. at 2372 n. 7.) This requirement might seem to bring *Rooker–Feldman* in through the back door—and in fact *Heck* cited *Rooker,* —— U.S. at ———–——, 114 S.Ct. at 2371–72, but merely for the general principle that the Court has been reluctant to expand the opportunities for collateral attacks on criminal judgments. The Court did not rest its decision on the *Rooker–Feldman* doctrine. It did not find a jurisdictional bar to Heck's suit (and *Rooker–Feldman* is a jurisdictional doctrine). In the present case, of course, the judgment that Nesses is trying to get around is civil rather than criminal, and the bar, as we have emphasized—the bar to his obtaining relief in federal court, in any event—is the doctrine of res judicata. Nesses' mistake was to bring his suit alleging the corruption

of the tribunal in the same allegedly corrupt state court system (a mode of proceeding that casts great doubt on the good faith of his claim). He could not expect to win if as we greatly doubt his allegations of corruption are true; and the judgment against him that was rendered in that suit bars his effort to litigate the same claim in federal court. We think this conclusion makes more sense than invoking *Rooker–Feldman*, as that would imply that any time a plaintiff in a federal court suit is met by a valid defense of res judicata based on a judgment in a state court suit, the federal court loses jurisdiction.

The judicial defendants were of course entitled to have the suit dismissed against them on grounds of immunity. The judgment is modified to make the dismissal of the claim against the lawyers on the merits rather than jurisdictional, and as so modified is

AFFIRMED.

FAIRCHILD, Circuit Judge, dissenting in part.

I respectfully dissent from the court's decision to modify the judgment from one declining jurisdiction to dismissal on the merits, based on claim preclusion. I would affirm the district court's judgment without modification, dismissing for lack of jurisdiction.

My analysis differs from that of my colleagues in two ways.

First, it seems clear to me that plaintiff Nesses is attempting to obtain review of the state court judgments against him. His complaint is far from a model, but if there is anything which suggests jurisdiction, it is his attempt at a Section 1983 claim. The gist of it is: defendant lawyers and one or more state judges joined in a scheme and conspiracy, and misuse of political power and influence. They caused the entry of judgments against plaintiff contrary to merit and law. The judgments deprived plaintiff of property without due process of law, as well as abridging his privileges and immunities and denying him equal protection of the laws. His complaint could have no meaning unless it sought a determination that the state court judgments were wrong. It follows that the *Rooker–Feldman* doctrine requires dismissal for lack of jurisdiction.

Second, I am unable to agree with a distinction in this context between one who was a losing plaintiff in state court and one who was a losing defendant. This distinction leads to a rule that a district court should take jurisdiction and give a merits judgment applying res judicata where a losing plaintiff seeks review, but should dismiss for lack of jurisdiction where a losing defendant does so. There can be collateral attack on a judgment against a plaintiff as well as against a defendant. There can be res judicata in either case. The distinction has even less to commend it when one notes that in *Rooker*, the plaintiffs seeking federal district court review had been losing plaintiffs before the state court, and in *Feldman*, those seeking review had been unsuccessful applicants to a District of Columbia court for a waiver, and thus had been in the stance of losing plaintiffs. Yet the Supreme Court announced the *Rooker–Feldman* doctrine of no jurisdiction in those cases.