106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel J. DEVORE, Plaintiff-Appellant,
v.
COUNTY OF JEFFERSON, et al., Defandants-Appellees.
 No. 96-1214.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 09, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 Daniel J. Devore appeals the dismissal of his claim against various defendants. The district court ruled that most of Devore's claims were barred by the doctrines of res judicata and/or Rooker-Feldman. The court dismissed Devore's other claims for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The dispute arose out of Devore's attempt, in 1985, to have a one-half acre parcel rezoned so that he could use it as a junkyard. The Jefferson County Advisory Plan Commission denied his request. In 1991, a complaint was filed with the Plan Commission alleging that Devore was maintaining a junkyard on the property. On December 6, 1991, Jefferson County filed suit (in the Jennings County Court), seeking to enjoin Devore from using the property as a junkyard. On April 27, 1994, that court issued a permanent injunction enjoining Devore from using his property as a junkyard. Devore did not appeal this order. On September 13, 1995, Jefferson County filed a motion to enforce the injunction, claiming that Devore had continued to use his property as a junkyard. The record does not disclose the status of this proceeding.
 
 
 2
 Devore initiated the instant federal litigation by filing a complaint in the district court on February 23, 1994; he filed an amended complaint on June 22, 1994. Devore named 24 defendants. The district court has broken them down into three descriptive categories. (R. 68 at 3.) The first group of defendants consists of Jefferson County itself, the county plan commission and the zoning board, persons who are members of these entities and lawyers and law firms that represented these entities. The second group is made up of those persons who testified at hearings on Devore's zoning matters. The third group contains one defendant, Jennings County, which Devore names as a defendant on the ground that it was the venue for the state court case brought by Jefferson County against Devore.
 
 
 3
 It is not easy to determine from reading Devore's complaint whom he is suing for what. It has various quotes scattered throughout it from sources as diverse as Karl Marx and William Shakespeare. It reads more like a polemic on the right to free use of property than a short and plain statement showing that Devore is entitled to relief. Nevertheless, the district court, construing Devore's pleading liberally, was able to estimate what he was claiming.
 
 
 4
 The core of Devore's complaint is that the defendants' actions in enforcing the zoning ordinance amounted to taking of his property without just compensation and also violated a myriad of Devore's other constitutional rights. He additionally claimed that one of the defendants violated Indiana's voyeurism statute by taking photographs of his property over the top of his six-foot high privacy fence. In addition, Devore's complaint alleges that all the defendants were part of a conspiracy to limit his use of his property. The district court determined that to the extent Devore's complaint challenged the actions of the defendants in their seeking and obtaining an injunction against Devore's use of the property as a junkyard, that he was challenging the outcome of the state court action. The court, therefore, concluded that Devore's federal claims were barred by the Rooker-Feldman doctrine and/or res judicata. The court also determined that Devore had failed to state any other adequate federal claims.
 
 
 5
 On appeal, Devore has not made a cogent argument as to why we should reverse the district court's order. The closest Devore comes to taking issue with the substance of the district court's ruling is in his reply brief where he claims that Rooker-Feldman and res judicata do not apply to his case because he filed his federal claim prior to the state court's issuing of the injunction.
 
 
 6
 We conclude that Devore has not complied with Federal Rule of Appellate Procedure 28(a) because he has not made an argument as to why the district court was incorrect in its decision nor cited any authority in support of his position. Devore's filings in the district court and in this court amount to a series of barely comprehensible ramblings about the nature of government, property, liberty and other topics. While there are appropriate fora for airing one's general opinions and grievances, a federal court is not one of them. The function of federal courts is to decide specific cases, a task that is made quite difficult when a litigant chooses to proceed as Devore has here. As such, we affirm the order of the district court.
 
 
 7
 While Devore's modus operandi did not serve him well, in the end it may have cost him nothing for based upon what we can glean from the record, the district court reached the correct result. Although the district court cited both res judicata and Rooker-Feldman in its order, we believe that Rooker-Feldman alone was the proper doctrine for addressing Devore's claims that implicate the zoning decisions. Under the Rooker-Feldman doctrine, lower federal courts lack subject-matter jurisdiction to review state court adjudications. Wright v. Tackett, 39 F.3d 155, 157 (7th Cir.1994), cert. denied, 115 S.Ct. 1100 (1995). We recently noted that Rooker-Feldman is not so broad as to cover all cases in which a litigant brings a case in federal court that seeks to retry an issue already decided in state court. Nesses v. Shepard, 68 F.3d 1003, 1004 (7th Cir.1995). Rather, the Rooker-Feldman jurisdictional bar "ought to be confined to cases in which the defendant in the state court is seeking to undo a remedial order of some sort (ordinarily a criminal conviction or an injunction)." Id. From what we can glean from Devore's complaint, he is trying to have this court dissolve the injunction issued by the state court. He does not specifically ask for this relief. However, the essence of his complaint is that the state court's issuance of the injunction violated his constitutional rights. Therefore, to the extent that Devore's complaint argues that the issuance of the injunction was unconstitutional, the district court did not have subject-matter jurisdiction.
 
 
 8
 Devore makes some additional claims that do not necessarily implicate Rooker-Feldman, but which the district court nevertheless properly dismissed. Devore alleged that all the defendants engaged in a conspiracy to deprive him of what seems to be most of the affirmative rights listed in the Constitution. It is possible that Devore could seek damages for the actions of the defendants which violated his civil rights beyond the violation that he claims occurred when the injunction issued. Such a claim would not call into question the state court judgment and therefore the district court would have jurisdiction. See Nesses, 68 F.3d at 1005. Nor would such an action necessarily be barred by res judicata, because Indiana law probably would not have required Devore to state his conspiracy claim against all these defendants in a counterclaim to the suit brought by the county seeking the injunction. (The parties have not discussed Indiana's law of res judicata and we need not do so here). None of this matters, however, because the district court was correct in its assessment that Devore's allegations were insufficient to state a claim. Although a plaintiff need only make a short and plain statement showing that he is entitled to relief, Fed.R.Civ.P. 8(a), and even though we construe pro se pleadings liberally, Devore has failed to satisfy even this low threshold. He cites several substantive constitutional provisions that he claims the various defendants violated, but fails to state in what manner they did so. As such he has not shown that he is entitled to relief. Thus, it was proper for the district court to dismiss these additional claims under Rule 12(b)(6).
 
 
 9
 Devore also claims that one of the defendants violated the Indiana voyeurism statute. It is not clear from the district judge's language whether she dismissed this claim "on the merits" or declined to exercise supplemental jurisdiction over the claim. 28 U.S.C. § 1367(c)(3). We believe the latter option was the correct course.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App. P. 34(a); Cir.R. 34(f)