165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis E. JONES, Plaintiff-Appellant,
v.
Kenneth KOPESKY, et al., Defendants-Appellees.
 No. 97-3475.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1998.*
Decided Oct. 23, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96-C-454. Robert W. Warren, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 The district court granted summary judgment to all defendants in this action under 42 U.S.C. § 1983. On appeal plaintiff Dennis Jones reiterates his principal contentions: that his arrest was unlawful; that he was compelled to participate in a lineup; that some of the defendants used excessive force to accomplish that participation when he refused to comply with (and actively resisted) the order to participate; and that other defendants failed to provide adequate medical treatment for the injuries he says that he received during the struggle.
 
 
 2
 The district court's opinion explains why none of these claims supports relief. We add only four observations:
 
 
 3
 1. During Jones's criminal prosecution a state court considered and rejected a motion to suppress the identification from the lineup. This raises two possibilities: first, that several of Jones's claims are barred by issue preclusion (collateral estoppel); second, that these claims should have been dismissed without prejudice under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because they call into question the validity of a criminal conviction that has not been set aside. But preclusion is an affirmative defense, which the defendants did not assert, and Heck is not a jurisdictional doctrine, see Nesses v. Shepard, 68 F.3d 1003, 1005 (7th Cir.1995), so Jones's failure to request that the judgment be without prejudice is dispositive. Given the contentions actually presented by the parties, the district judge was entitled to resolve all of Jones's claims on the merits.
 
 
 4
 2. The district court ruled in some defendants' favor on some of Jones's claims by stating, that because the claims fail on the merits, the defendants are entitled to qualified immunity. This confuses different legal principles. Qualified immunity depends on the existence of legal uncertainty, see Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); Auriemma v. Rice, 910 F.2d 1449 (7th Cir.1990) (en banc), and the district court did not suggest that any of the rules at issue (such as the rule against the application of unnecessary force) would have led to uncertainty in an objectively reasonable person at the time of the acts in question. But the district court's conclusion that the defendants did not violate any of Jones's rights supports the judgment without regard to immunity doctrines. Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).
 
 
 5
 3. Jones contends that his arrest violated the Constitution because the police entered his home without a warrant. This assertion is factually incorrect. A state court had issued a warrant for Jones's arrest for nonpayment of a fine imposed in an earlier case. That warrant authorized his arrest (a separate search warrant was unnecessary because Jones was arrested in his own home). Any contention that execution of the arrest warrant was a pretextual way to obtain custody for his subsequent offense is incompatible with Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), which holds that the motives of arresting officers are irrelevant.
 
 
 6
 4. Because Jones was a pretrial detainee at the time of the asserted need for medical care, the due process clause rather than the cruel and unusual punishments clause supplies the appropriate standard. For current purposes, however, these sources of law do not furnish materially different rules. See Estate of Cole v. Fromm, 94 F.3d 254, 259 (7th Cir.1996); cf. Vance v. Peters, 97 F.3d 987, 994 (7th Cir.1996). Evidence in the record shows that Jones complained about swelling of his wrists, which is not a serious medical condition requiring treatment--but which was in any event treated in the jail.
 
 
 7
 None of Jones's other contentions requires discussion.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)