**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN H. BISBEE,

      Plaintiff-Appellant,

v.

PATRICIA MCCARTY; CHRISMAN,
BYNUM & JOHNSON, a law
partnership; JOHN STAVELY and
JOHN TWEEDY, individually and as
associates in the law partnership of
Chrisman, Bynum & Johnson,

      Defendants-Appellees.

No. 00-1115
(D.C. No. 98-WM-2359)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant John H. Bisbee appeals from a final judgment entered by the district court dismissing his complaint against the defendants, which he brought pursuant to 42 U.S.C. § 1983 and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (FDCPA). Bisbee also appeals from the district court's denial of his motion for leave to file a third amended complaint.

FACTS

Defendant Patricia McCarty sued Bisbee in county court in Boulder County, Colorado, seeking to collect sums allegedly due on a promissory note signed by Bisbee. Bisbee interposed a counterclaim that was facially in excess of the jurisdictional limit of the county court. The case was thereafter transferred to Boulder County District Court.

McCarty moved to remand the case to county court. The district court initially entered an order remanding the case, which it subsequently withdrew after objection by Bisbee. Proceedings continued in district court. The district court permitted limited discovery, denied Bisbee's motion for summary judgment, and proceeded to a bench trial. Bisbee did not appear at the trial. The district court entered judgment against Bisbee on the amount of McCarty's claim, plus

interest, costs in favor of McCarty, and reasonable attorney's fees. It also found for McCarty on Bisbee's counterclaims.

Defendants assert in their brief in this court that Bisbee attempted to appeal the state district court judgment against him, but that his appeal was dismissed as untimely. In any event, on October 28, 1998, Bisbee filed this action against McCarty and her attorneys in Colorado federal district court. His second amended complaint in this action includes the following claims:

(1) a claim pursuant to 42 U.S.C. § 1983, charging that McCarty's attorneys filed a fraudulent and extortionate lawsuit against him and conspired with the district court through ex parte contacts and misrepresentations to deprive him of Colorado's established adjudicatory procedures in his case and to deny him a fair and impartial tribunal and the equal protection of the laws;

(2) a common-law abuse of process claim, charging that McCarty's attorneys abused the Colorado court system to extort money from him that he did not owe, by obtaining improper ex parte orders from the district court that forced Bisbee to choose between expending a large amount of valuable time in fighting such orders or paying the extortionate demand; and

(3) a claim against McCarty's attorneys pursuant to the FDCPA, charging that they engaged in unfair and unconscionable means to collect a debt they knew Bisbee did not owe.

The district court found that Bisbee's first cause of action, which alleged a conspiracy to deprive him of his rights, was subject to a heightened pleading standard applicable to conspiracy allegations involving state actors with immunity, and that Bisbee failed to meet this standard. It found that the portion of Bisbee's abuse-of-process claim premised on the filing of the state court suit against him should be dismissed, because judgment had been entered in that suit in favor of the defendants. It dismissed his third cause of action for lack of jurisdiction. Finally, it concluded that the remaining allegations of the abuse-of-process claim did not meet the minimum amount necessary to establish diversity jurisdiction. See 28 U.S.C. § 1332(a) (requiring an amount in controversy in excess of $75,000 in a diversity case). The district court declined to exercise supplemental jurisdiction over the remainder of the abuse-of-process claim, see id. § 1367(c), and dismissed the action.

APPLICATION OF ROOKER-FELDMAN DOCTRINE

The district court concluded it lacked jurisdiction over Bisbee's FDCPA claim under the Rooker-Feldman doctrine. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). It is our duty as a threshold matter in this case to determine whether any portions of Bisbee's complaint survive the jurisdictional bar of Rooker-Feldman. We must undertake this inquiry before addressing the

-4-

non-jurisdictional issues Bisbee raises. Long v. Shorebank Dev. Corp., 182 F.3d 548, 554-55 (7th Cir. 1999).

The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. See Feldman, 460 U.S. at 486; Rooker, 263 U.S. at 415-16. The losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. See Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991).

Rooker-Feldman bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. See Feldman, 460 U.S. at 482 n.16. If adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment. See Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state

court judgment itself or is distinct from that judgment." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996).

Finally, the doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Jordahl, 122 F.3d at 199. "[W]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under . . . § 1983." Facio, 929 F.2d at 544 (quotation omitted).

Bisbee's first cause of action in this case charges that, as a result of an alleged conspiracy, the district court refused "to comply with and follow Colorado's 'established adjudicatory procedures' for 'final dispute resolution;'" that it refused to consider his evidentiary submissions; and that the court did not act as a "'fair and impartial tribunal.'" Appellant's App. at 31. He further charges that the suit brought against him was "knowingly fraudulent and extortionate" and that the district court improperly entered ex parte orders against him pursuant to its conspiracy with the defendants. Id. at 32. The fact section of Bisbee's complaint recites a litany of allegedly improper actions taken against him by the district court, culminating in the denial of Bisbee's motion for summary judgment and the entry of final judgment against him. See id. at 16-30.

Although Bisbee requests an award of damages rather than a reversal of

-6-

the allegedly fraudulent state court judgment, it would be impossible for a federal court to resolve this claim in Bisbee's favor without determining that the state court judgment was erroneously entered or void. For this reason, Rooker-Feldman bars his § 1983 claim against the defendants. [1]

Bisbee's second claim, for abuse of process, is based on the same facts. It charges that the defendants used the Colorado courts as a means of extortion by requiring him to either pay their relatively small claim or "expend[] large sums in time, travel and effort of undergoing trial proceedings" pursuant to which he was denied the benefit of "'established adjudicatory procedures' for 'final dispute resolution.'" Appellant's App. at 34. He charges that defendants "subverted, abused and misused" the Colorado procedures for redressing grievances. Id. He again recites that the lawsuit was "knowingly fraudulent and extortionate" and that the district court entered improper ex parte orders against him. Id. at 35. Rooker-Feldman bars review not only of final judgments entered by state courts, but also of their interlocutory orders. See Brown & Root, Inc. v. Breckenridge,

---

[1] Bisbee argues, citing dicta in Nesses v. Shepard, 68 F.3d 1003, 1005 (7th Cir. 1995), that Rooker-Feldman does not apply because he is seeking recovery for the violation of an independent right to be judged by an impartial tribunal. The Nesses court upheld the dismissal of the plaintiff's federal court conspiracy claim on the related doctrine of res judicata. Id. at 1004. The result in Nesses can be explained by the following rule: res judicata is applicable instead of Rooker-Feldman where the loser in state court was plaintiff rather than defendant. See Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 702 (7th Cir. 1998). Our result in this case does not violate that principle.

211 F.3d 194, 199 (4th Cir. 2000).  There is simply no way for a federal court to resolve this claim in Bisbee's favor without determining that the state court judgment, or interlocutory orders entered in the course of the state court proceedings, were erroneously entered or void.  We conclude that Bisbee's abuse of process claim is barred by Rooker-Feldman as well.

We turn next to Bisbee's FDCPA claim.  Bisbee charges that McCarty's attorneys, acting as debt collectors, filed an extortionate lawsuit, "induc[ed] Judge Bailin's agreement to abdicate her responsibility to enforce Colorado's 'established adjudicatory procedures' for 'final dispute resolution,'" filed a claim for sanctions against Bisbee that was unjustified in view of Bisbee's efforts to defend his legal interests and to correct Judge Bailin's orders entered as the result of a conspiracy with McCarty's attorneys, and sought additional sums in the form of sanctions and fees unjustified by the scope of the contract.  Appellant's App. at 36-37.  Each of these claims is inextricably intertwined with some aspect of the state district court's interlocutory or final decisions in the state court case.  Bisbee's FDCPA claim is therefore barred by Rooker-Feldman as well.

Bisbee cites Long, 182 F.3d at 553-56, for the proposition that Rooker-Feldman does not bar FDCPA claims where a state court judgment has been fraudulently procured.  We do not read the case that broadly.

The plaintiff in Long was a tenant of subsidized housing who received a notice indicating that she was behind in her rent. When she contacted the lessor, Shorebank, its employees assured her that she did not owe any rent. Shorebank nevertheless served an eviction complaint upon the plaintiff. Plaintiff appeared pro se in court and was asked by counsel for Shorebank to sign a pleading that would extend the eviction deadline for two weeks. Unknown to the plaintiff, what she signed was actually a consent to entry of final judgment in favor of Shorebank on the eviction complaint. Although plaintiff actually owed Shorebank nothing, the eviction proceeded and she lost all of her personal property, her job, and custody of her daughter as a result.

The Seventh Circuit reasoned that Rooker-Feldman did not apply to plaintiff's FDCPA claims. First, her claim that Shorebank lied to her about the existence of the debt was "independent of and complete prior to the entry of the eviction order." Id. at 556. In this case, by contrast, Bisbee charges that defendants misrepresented the existence of the debt to the court by filing the suit, not by attempting to deceive him about whether he owed McCarty any money.

Second, the Seventh Circuit held that although the plaintiff's due process claims were of the type typically barred by Rooker-Feldman, they were subject to a limited exception to the doctrine because plaintiff "was effectively precluded from raising the claims she presented in her suit before the district court." Id. at

557. This exception came into play because of the statutory limitations on a forcible entry and detainer proceeding in Illinois, which allowed no counterclaims not specifically germane to the issue of possession. Id. at 559. Here, by contrast, Bisbee makes no showing that a counterclaim for violation of the FDCPA is statutorily barred in an action on a contract in Colorado. In fact, indications are to the contrary. Cf. First Interstate Bank of Fort Collins, N.A. v. Soucie, 924 P.2d 1200, 1202-03 (Colo. Ct. App. 1996) (barring FDCPA counterclaim, but only on basis that plaintiff bank was not "debt collector" under the Act and was not vicariously liable for misconduct of its attorneys). We conclude that Long does not rescue Bisbee's FDCPA claim from the Rooker-Feldman bar; rather, the Long case endorses the general rule that such claims are barred where they require review of state court judgments.

Finally, the district court did not abuse its discretion in refusing to allow Bisbee to file a third amended complaint. The proposed amendment would have alleged as a fourth count to the complaint what had previously been alleged as its second count, relying on the court's federal question and civil rights jurisdiction rather than diversity jurisdiction or supplemental jurisdiction. A review of the proposed amended complaint, see Appellees' Supp. App. at A6-A35, reveals that the proposed amendments would not have cured the defect under Rooker-Feldman.

Bisbee's motion for leave to file a supplemental appendix is granted. The judgment of the United States District Court for the District of Colorado dismissing the third claim in Bisbee's second amended complaint for lack of jurisdiction and denying him leave to file a third amended complaint is AFFIRMED. We VACATE the remainder of the district court's judgment and REMAND with instructions to dismiss this case for lack of jurisdiction.

Entered for the Court

Stephen H. Anderson
Circuit Judge