**Harry B. MADSEN, Plaintiff–Appellant,**

v.

**DEPARTMENT OF PROFESSIONAL REGULATION, et al., Defendants–Appellees.**

No. 00–3493.

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2001.*

Decided June 14, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and
WILLIAMS, Circuit Judges.

ORDER

Harry Madsen filed this suit under 42
U.S.C. § 1983 alleging due process viola-
tions growing out of a decision by the
Illinois Department of Professional Regu-
lation to suspend his real estate license for
five years and fine him $5,000. The dis-
trict court dismissed the suit on the princi-
pal ground that jurisdiction was lacking
under the *Rooker–Feldman* doctrine, but
also concluded in the alternative that Mad-
sen's complaint was untimely and failed to
state a claim, and that the public defen-
dants were protected by the Eleventh

Amendment and qualified immunity. Madsen appeals and we affirm.

In May 1993 the DPR filed a complaint against Madsen, a licensed real estate broker and former lawyer, alleging five violations of Illinois real estate law. In April 1994, after a hearing, the DPR's disciplinary board found Madsen guilty of four of the allegations: (1) placing earnest money in an interest-bearing account and keeping the interest, (2) using the Century 21 trademark when he was not a member, (3) entering a listing agreement that did not contain a nondiscrimination clause, and (4) failing to disclose his interest as legal titleholder in a transaction. The disciplinary board recommended that the DPR suspend Madsen's license for a minimum of five years, fine him $5,000, and require him to complete 12 hours of real estate education courses before his license could be reinstated. In July 1994 the DPR adopted the disciplinary board's recommendation.

Meanwhile, before the DPR had ruled Madsen sought review of the disciplinary proceedings in Illinois circuit court. The circuit court dismissed because Madsen failed to name the director of the DPR as a defendant. The Illinois appellate court affirmed on the ground that the circuit court lacked jurisdiction because Madsen had filed his complaint in June 1994 before the DPR issued a final order. The appellate court's judgment was entered in July 1997, and the court denied Madsen's petition for rehearing in September. The mandate issued in December 1997 and was entered by the clerk of the circuit court, Aurelia Pucinski, on January 22, 1998.

In January 1999 Madsen filed the current suit. Most of his complaint focuses on alleged procedural errors by the DPR and a number of its officers. But Madsen also alleges that a group of private real estate agencies and brokers acted improperly by supplying Madsen with Century 21 business cards that he could not use because he was not a Century 21 realtor at the time, faxing an unidentified document pertaining to Madsen's case to the DPR, and failing to tell a DPR investigator that Madsen had been paying regular monthly association dues. And Madsen claims that Pucinski's three-week delay in filing the mandate from the Illinois appellate court prevented him from filing a timely petition for leave to appeal with the Illinois Supreme Court.

On appeal, Madsen argues that the district court erred in concluding that it lacked jurisdiction under the *Rooker–Feldman* doctrine. That doctrine precludes federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court. *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir.2001). If the injury alleged resulted from the state court judgment itself, then there is no federal court jurisdiction over the suit. *See Long v. Shorebank Development Corp.,* 182 F.3d 548, 555 (7th Cir.1999). If, however, the injury is distinct from such judgment and the state court merely failed to cure the injury, there is no bar to federal jurisdiction. *See id.; Young v. Murphy,* 90 F.3d 1225, 1231 (7th Cir.1996); *GASH Assoc. v. Village of Rosemont,* 995 F.2d 726, 728 (7th Cir.1993).

The district court's *Rooker–Feldman* analysis was erroneous. Madsen is not challenging a state-court judgment, and nothing in his complaint asks the district court to review the final decisions of the state circuit or appellate courts. *See Long,* 182 F.3d at 555–56; *Centres v. Town of Brookfield,* 148 F.3d 699, 703 (7th Cir. 1998). Instead, Madsen alleges an injury resulting from a conspiracy between DPR officials and private defendants leading to an administrative decision to suspend his

license, an allegation that is not barred. *See Centres,* 148 F.3d at 703; *Nesses v. Shepard,* 68 F.3d 1003, 1004 (7th Cir.1995); *see also Van Harken v. City of Chicago,* 103 F.3d 1346, 1348–49 (7th Cir.1997) (holding that *Rooker–Feldman* does not apply to state administrative decisions).

■ Still, the district court did correctly recognize that Madsen's complaint fails to state a claim under § 1983, which requires an assertion that the defendants deprived him of a right secured by the Constitution or federal law and that the defendants acted under color of state law. *See Brokaw v. Mercer County,* 235 F.3d 1000, 1009 (7th Cir.2000). The private defendants could be held liable under § 1983 only if they acted in concert with state officials, i.e., if they had reached an understanding with state officials to deprive Madsen of his rights. *See Hanania v. Loren–Maltese,* 212 F.3d 353, 356 (7th Cir.2000). While Madsen contends that he is proceeding on a theory that the private defendants conspired with state officials, Madsen's complaint alleges only individual actions by the private defendants and does not in any way suggest a conspiratorial agreement between the private defendants and state officials.

■ As for the DPR and its officials, Madsen fails to state a claim because he alleges nothing more than that they failed to comply with a number of state rules pertaining to DPR hearings and disciplinary proceedings. Madsen does have a liberty interest in pursuing his profession as a realtor. *See Becker v. Illinois Real Estate Admin., and Disciplinary Bd.,* 884 F.2d 955 (7th Cir.1989); *see also Fleury v. Clayton,* 847 F.2d 1229 (7th Cir.1988) (finding that Illinois doctors have property right in being free from professional discipline). But before discipline could be imposed, due process required only notice and a hearing at which Madsen could be present, both of which Madsen received. *See, e.g., Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Becker,* 884 F.2d at 958–59. Madsen's allegations that certain state procedures were not followed do not raise any federal constitutional concern. *See Pro–Eco Inc. v. Bd. of Commissioners of Jay County, Ind.,* 57 F.3d 505, 514 (7th Cir.1995); *Wallace v. Tilley,* 41 F.3d 296, 301 (7th Cir. 1994); *Osteen v. Henley,* 13 F.3d 221, 225 (7th Cir.1993).

■ Finally, Madsen's claim that Pucinski interfered with his ability to file for leave to appeal to the Illinois Supreme Court fails to state a claim because, even assuming that a constitutional right is involved, Pucinski in no way interfered with that right. Under Illinois law, a petition for leave to appeal to the state Supreme Court must be filed within 21 days of the entry of judgment or, as in this case, the denial of a petition for rehearing by the appellate court. *See* ILCS S.Ct. Rule 315(b). Madsen needed to file for leave to appeal within 21 days of the state appellate court's September 24, 1997 denial of his petition for rehearing, in other words by October 15. Pucinski's action or inaction over two months later had nothing to do with Madsen's failure to file for leave to appeal.

For the foregoing reasons, we AFFIRM the dismissal of Madsen's complaint.