NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014[*]
Decided February 14, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3248

| | |
|---|---|
| LARRY D. ANDERSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 12-C-1011 |
| | |
| CINDY LOU ANDERSON, et al., | Rudolph T. Randa, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Larry Anderson appeals the district court's dismissal of his § 1983 case alleging fraud on the court during his divorce proceedings in Brown County, Wisconsin. The district court dismissed on immunity and abstention grounds. We affirm the dismissal because the domestic-relations exception to federal jurisdiction bars Anderson's claims for equitable relief, and he fails to state a claim for damages relief under § 1983.

According to Anderson's allegations in his complaint, which we must take as true at this stage, during his divorce proceeding his wife, her attorney, her accountant, and his former attorney all colluded to hide assets and evade discovery. After Anderson discovered this fraud he submitted a grievance against the attorneys to the Wisconsin Office of Lawyer Regulation. He also took his allegations to the U.S. Attorney's office, which he asserts began to investigate whether family-law attorneys in Brown County and circuit court officers were involved in racketeering. Finally, he filed a motion for contempt before the judge presiding over his divorce case, Judge Kelley, to alert the judge to the alleged fraud. Anderson asserts that Judge Kelley never ruled on the motion and continued to preside over the divorce case. From the judge's acquiescence, Anderson infers that the judge corruptly participated in the fraud.

The divorce proceedings in circuit court went to final judgment, which Anderson has appealed to the Wisconsin Court of Appeals, raising his allegations of fraud. He has also asked Judge Kelley to reopen the judgment and transfer the case to another judge. Even though his state-court appeal is still pending, Anderson has filed this suit against his wife, her attorney and law firm, the Brown County circuit court, and Judge Kelley. In this suit he seeks a divorce by default, the removal of Judge Kelley from the divorce proceedings, and the nullification of orders from any Wisconsin court concerning his divorce. In other filings, he also seeks damages for the harm that the defendants inflicted on him by defrauding and corrupting the court process.

The defendants moved to dismiss, raising defenses of the Eleventh Amendment, the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), judicial immunity, and failure to state a claim. The district court dismissed as barred by the Eleventh Amendment the claims against the court (a decision Anderson does not contest) and against the judge based on judicial immunity. It then dismissed the remaining claims under *Younger* abstention and denied Anderson's motions under Rules 59(e) and 60(b) to reconsider the dismissal.

On appeal Anderson insists he is entitled to proceed in federal court. He argues that the fraud and corruption in his divorce proceedings violated his right to due process and mandate federal intervention. *Younger* abstention was inappropriate, he adds, because the divorce proceedings cannot give him full relief for his injuries.

We begin our review by first examining whether the district court had jurisdiction over Anderson's requests for a "default" divorce and federal orders ousting Wisconsin courts and judges from adjudicating his divorce. These requests run head-on into the domestic-relations exception to federal jurisdiction. This exception categorically bars federal courts from issuing or modifying decrees in divorce cases. *See Akenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007); *Wallace v. Wallace*, 736 F.3d 764, 766–67 (8th Cir. 2013). Because the equitable relief Anderson seeks in his complaint asks a district court to take over his Wisconsin divorce case, the district court lacked jurisdiction over those claims.

We next assess federal jurisdiction over Anderson's damages claims. He seeks damages under § 1983 for injuries resulting from the defendants' fraud that he alleges permeated the circuit-court proceedings. Because the circuit court reached a final judgment, the defendants invoke the *Rooker-Feldman* doctrine to bar the damages claim. But the doctrine does not apply here. First, the doctrine divests district courts of jurisdiction only in cases where "the losing party in state court filed suit in federal court *after* the state proceedings ended . . . ." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005) (emphasis added). Although Anderson sued in federal court after the circuit-court case finished, his appeal remains pending in the Wisconsin Court of Appeals. In federal circuits that have addressed the issue since *Exxon Mobil* (ours has not in a precedential decision), *Rooker-Feldman* does not apply if a state-court appeal is pending. *See Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009); *Guttman v. Khalsa*, 466 F.3d 1027, 1032 n.2 (10th Cir. 2006); *Dornheim v. Sholes*, 430 F.3d 919, 923–24 (8th Cir. 2005); *Federación de Maestros de Puerto Rico v. Junta de Relaciones Del Travajo de Puerto Rico*, 410 F.3d 17, 25 (1st Cir. 2005); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 604 n.1 (9th Cir. 2005). Second, *Rooker-Feldman* does not bar claims alleging that the defendants "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment." *Loubser v. Thacker*, 440 F.3d 439, 441–42 (7th Cir. 2006) (citing *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). Based on his allegations that fraud and corruption produced the circuit court's judgment, Anderson invokes this exception.

But overcoming *Rooker-Feldman* does not mean that Anderson wins on the merits. In abstaining under *Younger*, the district court did not reach the merits, and the defendants have not cross-appealed to ask us to enlarge their victory to the merits if we do not affirm on abstention grounds. *See Greenlaw v. United States*, 554 U.S. 237, 244–46 (2008); *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 480–81 (1999). But a cross-appeal is not needed because Anderson's own appeal urges us to pass on the sufficiency of his § 1983 complaint. The evaluation is straightforward, so we proceed.

A suit under § 1983 requires state action, *see American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982), which is absent here. Although the divorce attorneys are "officers of the court," they are not state actors "under color of state law within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981) (internal quotation marks omitted). Anderson replies that private actors can be liable under § 1983 when they collaborate with state officials, like Judge Kelley, who use "the badge of their authority" to deprive a plaintiff of constitutional rights. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1993). Judge Kelley is immune from suit because his actions were judicial, *see Mireles v. Waco*, 502 U.S. 9, 10–12 (1991); *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005); *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995), but Anderson contends that the judge cloaked the other defendants with state action. He is incorrect. In his complaint and briefs, Anderson asserts only that Judge Kelley refused to grant a motion accusing the private defendants of fraud. Adverse rulings do not equal wrongdoing. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Anderson infers from the absence of a favorable ruling that the judge must have collaborated in a fraud scheme, but the inference is conclusory and violates the particularity requirements of Federal Rule of Civil Procedure 9(b). *See Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007). Thus, the § 1983 damages claims against the private defendants fail for lack of state action.

Accordingly, the judgment dismissing this suit is AFFIRMED.