**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2020[*]
Decided November 12, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2219

| | |
|---|---|
| JOSE ANTONIO COSSIO, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 265 |
| PATRICK BLANCHARD, et al., *Defendants-Appellees.* | Thomas M. Durkin, *Judge.* |

No. 19-3000

| | |
|---|---|
| JOSE ANTONIO COSSIO, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 C 7746 |

---

[*] We have agreed to decide these cases without oral argument because the briefs and records adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C). Also, because of a recusal, this appeal is resolved by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

JOHN D. TOURTELOT, et al.,                          Edmond E. Chang,
        *Defendants-Appellees*.                          *Judge*.

**O R D E R**

Jose Cossio, a former employee of Cook County, Illinois, has filed several suits about his discharge. He believes that the County, its inspector general, and a state judge wrongly had him fired. After a state court rejected Cossio's claims against the inspector general and the County, the district court dismissed a similar federal suit against them as blocked by claim preclusion. It later entered summary judgment for the judge, concluding that he committed no torts. Those rationales are correct, so we affirm.

Cossio began working for Cook County as a fleet manager in 2013. Trouble for him began when a co-worker sought an order of protection against him. The presiding judge, John Tourtelot, ruled for Cossio on the protective order. Afterward, Tourtelot received a suspicious phone call from someone he believed sounded like Cossio. Concerned that a former litigant had acquired his personal phone number, Tourtelot reported the call to the County, prompting an investigation into whether Cossio had obtained Tourtelot's number by misusing his access as a County employee.

Cook County's Office of the Independent Inspector General investigated, leading to Cossio's discharge. The office did not find any evidence that Cossio improperly viewed personnel files, but it did unearth a conviction and unfavorable military discharge from 2004 that Cossio omitted from his employment application, despite his obligation to report them. Cossio had been convicted of larceny, communicating a threat, identity theft, and misuse of a government computer. The County accepted the office's recommendation to fire Cossio for failing to report his conviction and discharge, and for failing to cooperate with the investigator. Cossio contested his firing before an administrative board. After Cossio stipulated to the board that its proceedings complied with due process, the board upheld the discharge, reasoning that Cossio violated the County's ordinance requiring truthful statements in his employment application.

These two federal lawsuits came next. The first is against the inspector general and Cook County, both of whom Cossio also sued in state court. In the state and federal suits, he challenged his stipulation about due process and sought back wages. In both suits, Cossio contended that the defendants denied him due process because, during the administrative proceedings, they withheld from him a County email reflecting how its

investigation started. The email describes that Tourtelot reported a suspicious call, that it was "not threatening," that the caller asked for Tourtelot, and that Tourtelot felt the caller was Cossio, who may have improperly accessed his phone number as a County worker. The state court rejected Cossio's claims, and the district court dismissed the pending, similar federal suit on the ground of claim preclusion. The second federal suit is against Tourtelot. Cossio accuses Tourtelot of having him fired without due process. The judge did so, Cossio contends, by stigmatizing him with the false charge that he phoned the judge, prompting the investigation that led to his firing. The district court entered summary judgment against Cossio, finding no violation of due process.

We first address the suit against the inspector general and Cook County. The defendants ask us to affirm under the *Rooker-Feldman* doctrine. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* precludes a district court from adjudicating a case only when the federal suit starts after a state court has ruled against the federal plaintiff. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This federal suit started before the state court ruled against Cossio, so the relevant doctrine is claim preclusion (also known as res judicata). *See Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995).

We review dismissals based on res judicata de novo. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). Because an Illinois court resolved the state suit, we apply Illinois's res judicata principles to decide whether the district court properly dismissed this suit. *Chi. Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). In Illinois, res judicata bars a claim if a court of competent jurisdiction has entered judgment on the merits of the same claim in an earlier suit against identical parties or privies. *Hudson v. City of Chicago*, 889 N.E.2d 210, 213 (Ill. 2008).

Cossio's claims in federal court against Cook County and the inspector general are the same as the ones he lost against them in state court. First, he argued in both suits that, by withholding the email describing Tourtelot's request, the defendants deprived him of the opportunity to argue at the administrative hearing about a conspiracy to have him investigated and fired. Though it acknowledged Cossio's frustration at having not received this email earlier, the state court rejected his view that the email was material. The court ruled that no matter *how* Cook County began the investigation that uncovered Cossio's omissions from his employment application, Cossio had in fact lied on his application, justifying his discharge. Second, in both suits he claimed, and the state court rejected, that by withholding the email, the defendants wrongly obtained his stipulation about due process. The stipulation was valid because, as just explained, the

withheld email was immaterial. Finally, his claim for back pay, also raised in both suits, was meritless because the County did not wrongly delay his hearing. Thus, dismissal of these claims in federal court on res judicata grounds was proper.

That brings us to the second federal suit. Cossio appeals the entry of summary judgment for Tourtelot on his claim that Tourtelot deprived him of his job without due process by stigmatizing him with the false accusation that he improperly called the judge. We review this ruling de novo. *Scheidler v. Indiana*, 914 F.3d 535, 540 (7th Cir. 2019). The district court analyzed Cossio's argument that Tourtelot violated his due-process rights under the so-called stigma-plus theory of relief. A stigma-plus claim arises when a state actor sullies "a person's good name, reputation, honor, or integrity" without first giving that person "notice and an opportunity to be heard." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). To prevail, a plaintiff must show both that the actor stigmatized the plaintiff plus the plaintiff's legal status was altered (here, the loss of a job) without due process. *See Doe v. Purdue Univ.*, 928 F.3d 652, 661 (7th Cir. 2019). Mere reputational harm is not enough. *Paul v. Davis*, 424 U.S. 693, 701 (1976).

Cossio's claim has two fatal flaws. First, stigma is missing. Cossio contends that Tourtelot defamed him by accusing him of calling the judge uninvited. The evidence that Cossio relies on is the email describing a "non-threatening," unsolicited call to a judge's personal number. A claim that someone made an unpermitted but unthreatening phone call is not comparable to the defamation that supports a stigma-plus claim. *See Davis*, 424 U.S. at 697 (labelling someone a criminal is inherently defamatory); *see also Constantineau*, 400 U.S. at 436 (accusing someone of substance abuse is defamatory). Even were Tourtelot's accusation stigmatizing, Cossio received due process before he lost his job. A full investigation into the charge that he made an improper phone call cleared him of that charge, and it was not the basis of his firing. Moreover, when the investigation uncovered his conviction, unfavorable military discharge, and false job application, he received a full hearing to contest the propriety of his firing. Finally, even if we assume that Cossio was entitled to the email in order to contest his discharge, Cossio had it in state court, where he used the email to challenge his firing and lost anyway. Because a reasonable jury could not find that Cossio lost his reputation plus job without due process, summary judgment was proper.

Cossio responds unpersuasively that the district court's discovery rulings impeded his ability to prove his case in federal court. He sought discovery (and sanctions) about a conversation that occurred when he appeared before Tourtelot on the protective order. He believes that his state-court opponent and her attorney told a Cook

County officer and Tourtelot about Cossio's military record in order to get him fired. We review the district court's denial of these requests for abuse of discretion. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784–85 (7th Cir. 2013); *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012). The district court reasonably denied discovery about the County officer because it could not affect the outcome of the due-process claim against Tourtelot. The district court also reasonably declined the requests for sanctions, as nothing in the record compels a finding of improper conduct.

We have considered Cossio's remaining arguments, but none has merit.

AFFIRMED