**Nancy BEAR, Plaintiff,**

v.

**James A. PATTON, Defendant.**

No. 04–4081–JAR.

United States District Court,
D. Kansas.

April 7, 2005.

David C. Carpenter, David C. Carpenter, P.A., Tod J. Beavers, Carpenter & Beavers Law Office, LLC, Topeka, KS, for Plaintiff.

Stephen O. Phillips, Steven D. Alexander, Kansas Attorney General, Topeka, KS, for Defendant.

### *MEMORANDUM ORDER GRANTING MOTION TO DISMISS*

ROBINSON, District Judge.

This matter comes before the Court on defendant James A. Patton's motion to dismiss (Doc. 2). Defendant seeks dismissal of this case for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons stated below, defendant's motion is granted.

### Factual Background

Plaintiff Nancy Sue Bear is an enrolled member of the Kickapoo Tribe in Kansas

and lives on the Reservation. Defendant James A. Patton, a District Court Judge of Brown County, Kansas, is presiding over a civil action entitled *Kathy Ann Bradley, et al. v. Nancy Bear, et al.,* Case No. 02–C–61. On August 30, 2004, plaintiffs in Case No. 02–C–61 filed a "Petition for Dissolution of Partnership and for Accounting and For Partition" against Bear and two others. Bear answered, and the case proceeded. Judge Patton ordered a partition of the land on December 10, 2003, and the property sold at sheriff's sale on February 20, 2004.

On June 15, 2004, Bear moved to dismiss Case No. 02–C–61, arguing that the Brown County District Court had no jurisdiction over the land. On the same day, Bear filed the instant action in which she asks this Court to grant declaratory and injunctive relief that her land lies within the boundaries of the Kickapoo Indian Reservation and that Judge Patton violated federal law by exercising jurisdiction over her land. Judge Patton stayed Case No. 02–C–61 until there is a dispositive ruling in the present case.

## Discussion

■ Federal Rule of Civil Procedure 12(h)(3) directs that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[1] A court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent."[2] Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction.[3] When a defendant brings a motion to dismiss for lack of subject matter jurisdiction, the plaintiff carries the burden of proving jurisdiction.[4]

Judge Patton argues that this case must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine[5] and the *Younger* abstention doctrine.[6] In addition, he urges that the Court should decline jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.

### Rooker–Feldman Doctrine

■ The *Rooker–Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."[7] The doctrine bars consideration not only of issues actually presented to and decided by a state court, but also bars consideration of claims that are "inextricably intertwined" with issues con-

1. Fed.R.Civ.P. 12(h)(3).

2. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974).

3. *Penteco Corp. Ltd., P'ship—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991).

4. *Mounkes v. Conklin,* 922 F.Supp. 1501, 1505 (D.Kan.1996).

5. The doctrine was established in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149,

68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

6. This doctrine derives from *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

7. *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

sidered by the state court.[8] "[A] federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[9] Stated differently, if "the state court judgement caused, actually and proximately, the injury for which the federal court plaintiff seeks redress" then the federal claim is inextricably intertwined with the state court judgment.[10] On the other hand, if the purpose of a federal action is "separable from and collateral to" a state court judgement, then the claim is not "inextricably intertwined" merely because the action necessitates *some* consideration of the merits of the state court judgment.[11]

"The reach of the *Rooker–Feldman* doctrine is substantial."[12] It precludes federal jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."[13] The doctrine applies to both final and interlocutory state court decisions.[14] Moreover, the doctrine is not limited to decisions coming from the state's highest court.[15]

■ In this case, Bear argues that the *Rooker–Feldman* doctrine does not apply because she is not attacking the merits of Judge Patton's decision in Case No. 02–C–61, but rather attacking Judge Patton's "authority to enter any order of any type." In her federal complaint, Bear prays for declaratory judgment and injunctive relief determining that her land lies within the boundaries of the Kickapoo Nation, that the District Court of Brown County, Kansas has no jurisdiction over the matter, and that Judge Patton violated federal law when he exercised jurisdiction over Bear and her land. Such an order is barred by the *Rooker–Feldman* doctrine because Judge Patton's decisions caused the injury for which Bear seeks federal redress.[16] Moreover, the relief Bear requests from this Court is not separable from and collateral to Case No. 02–C–61, for Bear in essence seeks an order from this Court vacating Judge Patton's decisions.[17] Therefore, Bear's claim is inextricably intertwined with the state court's decision, and this Court cannot exercise jurisdiction.

Because the Court concludes that it lacks subject matter jurisdiction to consider plaintiff's federal complaint, the Court declines to consider whether dismissal is also proper pursuant to the *Younger* ab-

---

**8.** *Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. 1303.

**9.** *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

**10.** *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 476 (10th Cir.2002)

**11.** *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1170 (10th Cir.1998) (interpreting *Pennzoil Co.,* 481 U.S. at 4–6, 107 S.Ct. 1519) (emphasis in original).

**12.** *Mounkes,* 922 F.Supp. at 1509.

**13.** *Feldman,* 460 U.S. at 486, 103 S.Ct. 1303.

**14.** *Mounkes,* 922 F.Supp. at 1509; *Bisbee v. McCarty,* 3 Fed.Appx. 819, 823 (10th Cir. Feb.2, 2001).

**15.** *Kenmen Eng'g,* 314 F.3d at 473.

**16.** *See Kiowa Indian Tribe,* 150 F.3d at 1169 (noting that the *Rooker–Feldman* doctrine prevents a federal court from issuing "any declaratory relief that is 'inextricably intertwined' with the state court judgment").

**17.** *See Kenmen Eng'g,* 314 F.3d at 476–77 (noting that federal claims were inextricably intertwined with the state court order because the relief sought in federal court was a ruling that would vacate the state court order).

stention doctrine and the Declaratory Judgment Act.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Patton's Motion to Dismiss (Doc. 2) is GRANTED.

IT IS SO ORDERED.