# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*OneWest Bank, FSB v. Hawthorne*, 2013 IL App (5th) 110475

---

| | |
|---|---|
| Appellate Court Caption | ONEWEST BANK, FSB, Plaintiff-Appellee, v. GERALD HAWTHORNE *et al.*, Defendants, and KIM DOWNS, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-11-0475 |
| Rule 23 Order filed | February 4, 2013 |
| Rehearing denied | March 8, 2013 |
| Motion to publish granted | March 12, 2013 |
| Opinion filed | March 12, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's petition filed pursuant to section 2-1401 of the Code of Civil Procedure seeking relief from a judgment of foreclosure and sale and an order approving the sale of her foreclosed residence was affirmed on the grounds that defendant was not diligent in raising the defenses to the foreclosure action that she alleged, she presented no excuses for her tardiness, her allegations were not based on "newly discovered" evidence, and she did not present any allegations supporting the existence of a meritorious defense regarding the mortgage. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No.10-CH-491; the Hon. Stephen P. McGlynn, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Kim Downs, of Swansea, for appellant. |
| | |
| | Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Burr Ridge, for appellee. |
| | |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. |
| | Justices Goldenhersh and Chapman concurred in the judgment and opinion. |

**OPINION**

¶ 1    Kim Downs, the appellant, appeals from the denial by the circuit court of St. Clair County of her petition for relief from judgment, filed pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2010)). The appellant sought relief from a judgment of foreclosure and sale, and the order approving sale of the foreclosed property. For reasons which follow, we affirm.

¶ 2    On April 5, 2010, OneWest Bank, FSB (the Bank), filed its complaint to foreclose mortgage on the appellant's residence. There is no dispute that the appellant was a party to the mortgage and a co-owner of the property. Attempts at personal service on the appellant were unsuccessful and she was properly served by publication. The appellant failed to answer or otherwise respond to the complaint.

¶ 3    On June 21, 2010, the Bank filed a motion for entry of an order of default against the appellant and prove-up was made. On June 24, 2010, an order of default was entered against the appellant and a judgment for foreclosure and sale of the property was entered. Because this foreclosure judgment contained a finding that it was final and appealable and no just reason existed for delaying its enforcement or appeal, the judgment constituted a final and appealable order. See *In re Marriage of Verdung*, 126 Ill. 2d 542, 555 (1989).

¶ 4    On October 22, 2010, the appellant filed a *pro se* motion to vacate the default judgment against her, but the motion was not set for hearing. On November 10, 2010, the appellant filed a second motion to vacate the default judgment and a notice of hearing on the motion.

¶ 5    Before the motions to vacate the default judgment could be heard, on February 16, 2011, attorney Charles H. Stegmeyer entered an appearance on behalf of the appellant. The appellant's *pro se* motion to vacate the default judgment came on for hearing one day later, on February 17, 2011, but neither she nor her attorney appeared. Accordingly, the motion was denied "with prejudice." The court's order stated erroneously that no counsel had entered an appearance on the appellant's behalf.

¶ 6    On February 28, 2011, the appellant, through attorney Stegmeyer, filed a motion to

reconsider the order denying her motion to vacate the default judgment. The motion pointed out that the appellant's counsel had entered his appearance and filed a motion for continuance the day before the motion to vacate was heard, and asserted that the appellant had a meritorious defense.

¶ 7    After a hearing held April 21, 2011, the appellant's motion to reconsider the order denying the motion to vacate the default judgment was denied. The court found that the appellant had failed to present a meritorious defense.

¶ 8    On April 25, 2011, the property was sold at public auction and purchased by the Bank for the amount of the debt. On May 6, 2011, the Bank filed its motion for an order approving the report of sale and distribution. On May 19, 2011, such an order was entered.

¶ 9    On May 25, 2011, the appellant, through attorney Stegmeyer, filed a motion to reconsider the order approving the sale. The motion asserts simply that "[t]here exists a Consent Order involving Onewest Bank, FSB dated April 13, 2011." The consent order is attached as an exhibit to the motion to reconsider.

¶ 10    The consent order, effective April 13, 2011, is between the Bank and the Office of Thrift Supervision for "unsafe and unsound banking practices relating to mortgage servicing and the initiation and handling of foreclosure proceedings." Among other things, the order requires the Bank to retain an independent consultant to conduct an independent review of residential foreclosure actions or proceedings, including foreclosures that were in process or completed, that have been pending at any time from January 1, 2009, to December 31, 2010, as well as residential foreclosure sales that occurred during this time period. Among the purposes of this review are to determine whether at the time the foreclosure was initiated, the foreclosing party had properly documented ownership of the promissory note and mortgage, and to determine whether a foreclosure sale occurred when an application for loan modification was under consideration, when the loan was performing in accordance with a trial or permanent loan modification, or when the loan had not been in default for a sufficient period of time to authorize foreclosure.

¶ 11    On June 23, 2011, attorney Rusty K. Reinoehl entered an appearance as cocounsel for the appellant for the purpose of filing and proceeding with an amended motion to reconsider the order approving the sale and a motion to reconsider the order denying the appellant's motion to vacate the default judgment. On that same date, attorney Reinoehl filed an amended motion to reconsider or in the alternative for a stay of execution.

¶ 12    The amended motion was based on the consent order and alleged that, because it only became effective on April 13, 2011, none of the required review had occurred. The motion alleges that the Bank was known to have employed "robo-signers" who falsely swore that they had reviewed mortgage documents in foreclosure actions and that the assignment of the mortgage to the Bank may have been falsely signed by such a robo-signer. The motion asserts that there is a "strong likelihood" that the assignment purporting to transfer ownership of the note and mortgage in the case at bar was robo-signed and falsely attested to. If this is true, the motion asserts, the Bank had no standing to bring the foreclosure action in the first place, and may have committed fraud upon the court. Furthermore, at the time the appellant's mortgage was assigned to the Bank, a loan modification agreement was in effect which the

Bank failed to honor. Accordingly, the order approving the sale should be vacated and the appellant should be given time to engage in further investigation and discovery to determine if fraud or other improper conduct occurred in the course of the foreclosure proceedings.

¶ 13    The Bank filed a response to the appellant's amended motion to reconsider, and on July 21, 2011, the appellant's motion was denied. The order contained a finding that it was final and appealable pursuant to Illinois Supreme Court Rule 304 (eff. Feb. 26, 2010).

¶ 14    On September 16, 2011, acting *pro se*, the appellant filed a "Petition to Reopen/Vacate Judgment Pursuant to 735 ILCS 5/2-1401 and or Motion to Set Aside for Misrepresentation." This petition raises exactly the same issues as were raised in the amended motion to reconsider the order approving the sale.

¶ 15    Hearing was held on the section 2-1401 petition on October 27, 2011. The appellant appeared *pro se*. The Bank's counsel argued that the appellant had shown neither due diligence in bringing her section 2-1401 petition nor the existence of a meritorious defense that was likely to succeed. At the conclusion of the hearing the court denied the appellant's section 2-1401 petition, finding that the appellant had not shown the existence of a meritorious defense that was likely to succeed. The appellant filed her notice of appeal on October 28, 2011.

¶ 16    Preliminarily we must address a question raised by the Bank regarding our jurisdiction to hear this appeal. The Bank argues that this court is without jurisdiction to hear this appeal because the appellant's section 2-1401 petition, the denial of which is the subject of this appeal, was a second or successive section 2-1401 petition, which is not permitted. The Bank argues that the amended motion to reconsider filed by attorney Reinoehl on June 23, 2011, was untimely because it was filed more than 30 days after the order approving the sale. Because postjudgment motions filed more than 30 days after the judgment must be treated as section 2-1401 petitions (see, *e.g.*, *Protein Partners, LLP v. Lincoln Provision, Inc.*, 407 Ill. App. 3d 709, 715 (2010)), the amended motion to reconsider had to have been treated as a section 2-1401 petition. Accordingly, the appellant's *pro se* section 2-1401 petition filed September 16, 2011, was a second or successive section 2-1401 petition.

¶ 17    We reject the Bank's argument. The amended motion to reconsider was an amendment to the motion to reconsider filed May 25, 2011, just six days after entry of the order approving the sale. As such, it was not untimely.

¶ 18    We also reject the Bank's argument that we are without jurisdiction over this appeal because the appellant's section 2-1401 petition, having been filed *pro se* while she was represented by counsel Stegmeyer and Reinoehl, was a nullity. While it is true that the appellant's counsel did not formally withdraw from representation, the final order was entered in the case with the court's denial of the amended motion to reconsider, thus ending counsel's representation of the appellant in the foreclosure action. There is no indication that counsel undertook to also represent the appellant in her section 2-1401 proceeding. While a section 2-1401 petition is filed in the same proceeding in which the order or judgment was entered, it is not a continuation thereof. 735 ILCS 5/2-1401(b) (West 2010). Accordingly, we conclude we have jurisdiction over this appeal.

¶ 19    We turn now to the merits. Where, as in this case, the circuit court either enters judgment

on the pleadings or dismisses the section 2-1401 petition, our review is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 20    Section 2-1401 of the Code provides a mechanism for review in the circuit court of the circuit court's order or judgment when the time for filing posttrial motions or a notice of appeal has expired. It creates an exception to the general rule that a court cannot review its own judgment after the expiration of 30 days from the date of entry. *Malkin v. Malkin*, 301 Ill. App. 3d 303, 310 (1998).

¶ 21    A party seeking vacatur of an order or judgment under section 2-1401 must show: (1) the existence of a meritorious defense or claim, that is, facts that would have prevented the rendition of the original judgment if they had been of record when the judgment was entered, (2) due diligence in pursuing that claim or defense before judgment, that is, that the failure to discover and present those facts before the judgment was not the fault of the petitioner, and (3) diligence in pursuing the claim or defense after judgment. *Malkin*, 301 Ill. App. 3d at 310. The petitioner must affirmatively set forth specific factual allegations supporting each of the above three elements. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). We affirm the circuit court's order denying the appellant's petition because we find that she has failed to set forth specific factual allegations supporting the first two of the required elements. She has demonstrated neither due diligence in pursuing her defense prior to judgment nor the existence of a meritorious defense.

¶ 22    With respect to the element of diligence in pursuing the claim or defense prior to judgment, it has been stated that section 2-1401 is not intended to give a litigant a new opportunity to do that which should have been done in an earlier proceeding, nor is the provision intended to relieve a litigant of the consequences of her mistake or negligence. *Malkin*, 301 Ill. App. 3d at 310-11. Due diligence requires the section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time. *Smith*, 114 Ill. 2d at 222. It must appear that through no fault or negligence of the petitioner, the existence of a valid defense was not made to appear to the trial court. *Smith*, 114 Ill. 2d at 222. Specifically, the petitioner must show that her failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances she acted reasonably, and not negligently, when she failed to initially resist the judgment. *Smith*, 114 Ill. 2d at 222.

¶ 23    We note that the appellant has offered no excuse for her failure to answer or otherwise respond to the complaint, resulting in the entry of a default judgment against her, nor has she offered any explanation for her failure to raise the now-claimed defense prior to the entry of the foreclosure judgment. The defense she now seeks to raise was available to the appellant at the time of entry of the foreclosure judgment had she only bothered to appear and contest the foreclosure. To set aside a judgment based on newly discovered evidence, the evidence must be such as could not reasonably have been discovered at the time of or prior to the entry of judgment. *Malkin*, 301 Ill. App. 3d at 311.

¶ 24    The gist of the petitioner's defense is that certain defects were present in the mortgage documents which deprived the Bank of standing to bring the foreclosure action. These defects, if any, did not arise by virtue of the consent decree entered April 13, 2011, but existed in the mortgage documents at the time the foreclosure action was commenced. Had

the petitioner not defaulted, but appeared in the foreclosure action in the beginning, she could have put the Bank to its proof and raised the same issues which are pointed to by the consent decree.

¶ 25 The petitioner has presented no excuse, reasonable or otherwise, as to why she did not appear and challenge the Bank's standing to foreclose on her home. Accordingly, we find that she has failed to demonstrate due diligence in pursuing that defense prior to judgment. The petitioner has failed to demonstrate that her failure to discover and present her defense before the judgment was entered was not a result of her own mistake or negligence.

¶ 26 Nor has the petitioner pleaded facts which show the existence of a meritorious defense to the foreclosure action. She has failed to affirmatively set forth specific factual allegations supporting her claim that, due to defective documentation, the Bank had no standing to bring the foreclosure action. Her section 2-1401 petition raises only the possibility that there may be defects in the documentation relating to mortgages other than hers. She pleads no facts which demonstrate that the documentation relating to her mortgage was defective in any way. To prove the existence of a meritorious defense, a petitioner must allege facts that would have prevented entry of the judgment if they had been known by the trial court. *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 457 (2000).

¶ 27 The appellant had ample opportunity to raise any defenses to the foreclosure action prior to entry of judgment. She has presented no reasonable excuse for her failure to do so. The defense which she now wishes to raise is not based on "newly discovered" evidence, despite the entry of the consent decree in April 2011. The defense which the appellant now wishes to raise is based on the validity of her mortgage documentation, the underlying facts of which were available prior to judgment. Despite this, neither she nor her counsel were able prior to entry of judgment or after judgment to discover or present any specific factual allegations supporting the existence of a meritorious defense relating to her mortgage. The circuit court did not err in denying the appellant's section 2-1401 petition.

¶ 28 For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

¶ 29 Affirmed.