NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 22, 2013[*]
Decided May 24, 2013

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1319

| | |
|---|---|
| ALI SHEIKHANI, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 12 C 7197 |
| WELLS FARGO BANK, | |
|     *Defendant-Appellee*. | Joan B. Gottschall, |
| | *Judge*. |

## O R D E R

Ali Sheikhani sued Wells Fargo Bank under 42 U.S.C. § 1983, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and Illinois common law, after a foreclosure judgment resulted in the sale of a house owned by his wife. Describing himself as his wife's "nominee" and purporting to stand only on her rights, Sheikhani asked the district court to vacate the foreclosure and declare his wife the rightful owner of the house. The district

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

court dismissed the suit for lack of subject-matter jurisdiction, concluding that the *Rooker-Feldman* doctrine blocks Sheikhani from challenging a state-court judgment in a federal district court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Brown v. Bowman*, 688 F.3d 437, 441 (7th Cir. 2012). Sheikhani argues on appeal that *Rooker-Feldman* is inapplicable, and the dismissal therefore improper, because his complaint alleges that Wells Fargo defrauded the state court into believing that it held the mortgage. We agree with the district court's decision to dismiss the suit for lack of subject-matter jurisdiction.

According to Sheikhani's complaint and other filings, the mortgage was held by National City Bank until 2009, when that bank assigned its interest to Wells Fargo. The next year, Wells Fargo instituted foreclosure proceedings after mortgage payments had ceased, and the Will County circuit court entered judgment for the bank. Sheikani contends that the assignment to Wells Fargo is invalid because Wells Fargo obtained it, he says, through unspecified "fraud" and had the assignment document signed by a "robo signer." Under these circumstances, he reasons, the foreclosure judgment cannot stand.

On appeal Sheikhani maintains that the *Rooker-Feldman* doctrine does not bar his claims under § 1983. He relies on this court's statement in *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995), that, while *Rooker-Feldman* generally prevents federal district courts from entertaining challenges to state-court judgments, it does not bar claims based on allegations that the defendant "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment." He contends that his case meets this criterion because he has alleged that Wells Fargo procured the assignment through fraud. (Sheikhani does not challenge the dismissal of the claims that he brought under Illinois common law and the Fair Debt Collection Practices Act, and thus any argument about those claims is abandoned. *Morales v. Jones*, 494 F.3d 590, 606 (7th Cir. 2007).)

*Nesses* and cases following it clarify the limits of *Rooker-Feldman*, but those limits do not revive Sheikhani's case. A claim that seeks to redress an injury that preceded a state-court judgment is not barred by the doctrine. *Golden v. Helen Sigman & Associates*, 611 F.3d 356, 362 (7th Cir. 2010); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). Claims also are not barred if the state court imposed an insurmountable obstacle to adjudication, for example through a conspiracy among the judge and state-court adversaries to corrupt the litigation process. *See Nesses*, 68 F.3d at 1005; *Loubser v. Thacker*, 440 F.3d 439, 441–42 (7th Cir. 2006). Nor is a claim barred if a state law prevented the plaintiff from raising it in state court. *See Long*, 182 F.3d at 560. But Sheikhani's case presents none of these scenarios. The injury he complains of on his wife's behalf—the loss of her house to foreclosure—flows from the foreclosure judgment itself. He has not alleged that the foreclosure proceedings were corrupted; in fact he stressed in his brief in opposition to

the motion to dismiss that he was not questioning the integrity of those proceedings. And no state law prevented a challenge in the foreclosure proceedings to the validity of the assignment to Wells Fargo. *See OneWest Bank, FSB v. Hawthorne*, --- N.E.2d ----, 2013 WL 1092887 (Ill. App. Mar. 12, 2013). The district court's dismissal thus was proper regardless of any fraud Wells Fargo may have committed.

We note briefly that Sheikhani may lack standing to assert his wife's rights rather than his own. *See Kowalski v. Tesmer*, 543 U.S. 125, 129–30 (2004) (explaining that a litigant may not assert a third party's rights unless the third party has been hindered from doing so); *Souter v. Int'l Union, United Auto., Aerospace and Agr. Implement Workers of America, Local 72*, 993 F.2d 595, 597 n.1 (7th Cir.1993) (holding that wife did not have standing to assert husband's rights under a collective bargaining agreement). But we need not resolve this issue because we have already concluded that the district court, by virtue of *Rooker-Feldman*, lacked subject-matter jurisdiction over this dispute.

**AFFIRMED**.