In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1786

DONALD W. BAUER, et al.,

*Plaintiffs-Appellants*,

*v.*

KIMBERLY G. KOESTER, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 18-cv-1215-MJR-RJD — **Michael J. Reagan**, *Judge*.

SUBMITTED FEBRUARY 10, 2020[*] — DECIDED MARCH 4, 2020

Before KANNE, SYKES, and ST. EVE, *Circuit Judges*.

PER CURIAM. This appeal arises out of Illinois foreclosure proceedings on real estate owned by Donald and Lauretta Bauer. Even though they were able to redeem their property,

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the Bauers and two of their children, Karla and David (collectively, "the Bauers"), believe they were harmed by the proceedings and now seek damages under 42 U.S.C. § 1983. The Bauers named as defendants many of the people and entities involved in the foreclosure: Donald and Lauretta's attorneys, the attorneys for the foreclosing plaintiffs, the bank that maintained an escrow account at issue and its employees, the state-court clerk and deputy clerks, and the judge who presided over the foreclosure proceedings. The district court dismissed the Bauers' suit as barred by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Because the district court properly applied that doctrine, we affirm.

This case has an extensive history. In 1973 Donald and Lauretta purchased seven tracts of land from Donald's parents and executed two promissory notes and a mortgage for the property. Upon the deaths of Donald's parents in the late 1980s, his parents' interest in the promissory notes transferred to their remaining children, excluding Donald. In 2002 six of the eight interest holders (Donald's siblings) filed for foreclosure seeking a deficiency judgment against Donald and Lauretta and a judgment that Donald and Lauretta's six children (including Karla and David, two of the plaintiffs here) took no legal or equitable interest in the property at issue.

In late 2013 the state court held a bench trial and found that Donald and Lauretta had defaulted on the promissory notes and mortgage. The judge entered a judgment for foreclosure and judicial sale and a monetary judgment against Donald and Lauretta for nearly $250,000. No judicial

sale took place, however, and in March 2015 the Bauers tried to redeem the property by tendering a check satisfying the judgment. The foreclosure plaintiffs then issued citations to discover assets and moved for, among other things, additional interest incurred since the judgment.

In December 2015 the state court found that Donald and Lauretta owed an additional $33,782.96 in interest. The judge set a deadline to pay the interest and ordered a judicial sale to occur if Donald and Lauretta did not pay by that date. Donald and Lauretta met the deadline, and at the end of 2015, the plaintiffs filed a satisfaction of judgment and cancellation of notice of lis pendens with the state court.

Three months later the Bauers filed a complaint in the Eastern District of Missouri (seemingly basing venue on the residency of some, but not all, of the defendants) against many of the same defendants as this case. The judge dismissed the complaint for lack of subject-matter jurisdiction. *Bauer v. Lauth*, No. 4:16-CV-410 CAS, 2016 WL 6679846 (E.D. Mo. Nov. 14, 2016) (nonprecedential disposition).

The Bauers then returned to state court, suing many of the same defendants for tampering with evidence and engaging in an abuse of process by seeking to extort money through issuance of citations to discover assets. The judge dismissed the complaint, and the state appellate court upheld the dismissal. *Bauer v. Niemerg*, No. 5-18-0229, 2019 WL 1170883 (Ill. App. Ct. Mar. 11, 2019), *appeal denied*, 132 N.E.3d 325 (Ill. 2019).

While their appeal was pending in state court, the Bauers filed this action in the Southern District of Illinois. They generally invoked their right to due process, equal protec-

tion, and an unbiased tribunal. The Bauers alleged, first, that the defendants, including the state-court judge, had conspired to introduce a forged version of the escrow account into evidence during the foreclosure trial. Second, they alleged that the state-court judge and the clerk's office allowed the foreclosure plaintiffs to issue baseless citations to discover assets—a means to extort money without an underlying judgment.

The district court granted the defendants' motions to dismiss the case under the *Rooker-Feldman* doctrine. That doctrine precludes federal district-court jurisdiction "over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014) ("The *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court."). The judge explained: "Simply put, [the Bauers'] alleged injuries stem from the 2013 state court foreclosure judgment … ."

On appeal the Bauers argue that *Rooker-Feldman* does not apply because they do not seek to set aside the state court's order of foreclosure or the monetary judgment against them. Instead, they mean to challenge the "collection practices" of the defendants and their collusion to introduce forged evidence.

This suit is barred by the *Rooker-Feldman* doctrine, however, because any finding in favor of the Bauers would require us to contradict the state court's orders. *See Moore v.*

*Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1062 (7th Cir. 2018). The injuries for which the Bauers seek redress ($350,000 in actual damages and $5 million in punitive damages) resulted from the state court's judgment of foreclosure and its order awarding additional interest. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 676–77 (7th Cir. 2017) (applying *Rooker-Feldman* where the requested relief challenged the state-court determination of amounts due and an obligation to pay). *Rooker-Feldman* bars review of claims that allege injury caused by a state-court order. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019). Here, were it not for the state court's foreclosure order and order awarding additional interest, no injury would have resulted from the allegedly forged escrow exhibit or the citations to discover assets. Indeed, the defendants needed to prevail in the state court to effectuate their alleged fraud, so the Bauers' claims are barred by *Rooker-Feldman* because they "ultimately require us to evaluate the state court judgments." *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 605 (7th Cir. 2008).

Relying on *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995), the Bauers also contend that *Rooker-Feldman* does not bar federal review of a fraud-based claim like theirs in which the defendants "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment." In *Nesses*, however, the plaintiff alleged in his breach-of-contract suit that "a massive, tentacular conspiracy among the lawyers and the judges" corrupted the entire state judicial process such that his claims fell beyond *Rooker-Feldman*'s scope. *Id.* at 1004–05 (stating in dicta that *Rooker-Feldman* does not block an independent claim based on the right to be judged by "a tribunal … uncontaminated by politics"); *see also Loubser v. Thacker*, 440 F.3d 439, 441 (7th Cir. 2006) (*Rooker-Feldman*

does not bar a sprawling conspiracy claim that included a state-court judge, court reporters, and many others, to manipulate the entirety of divorce proceedings). The Bauers' case differs from *Nesses* and *Loubser* in that they do not allege that a widespread conspiracy undermined the entirety of the state-court proceedings; as the Bauers acknowledge, they merely challenge the state court's decisions regarding the supposedly forged exhibit and the citations to discover assets.

The Bauers next argue that *Rooker-Feldman* applies only to *final* state-court judgments and thus does not apply to the state court's foreclosure judgment, which was not a final appealable order under Illinois law. They base this argument on language from *Feldman* stating that a federal district court "has no authority to review final judgments of a state court in judicial proceedings." 460 U.S. at 482. They maintain that without a final appealable order entered against them, they cannot be considered state-court losers. *See, e.g.*, *Green v. Mattingly*, 585 F.3d 97, 102–03 (2d Cir. 2009) (concluding that *Rooker-Feldman* did not apply because the plaintiff (a woman whose child was temporarily removed from her custody) did not "lose" in state court, and she complained only of injuries caused by a state-court interlocutory order); *see also HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771, 777 (7th Cir. 2015) (highlighting the conclusion of the Supreme Court of Illinois that a foreclosure judgment is not a final judgment "because it does not dispose of all issues between the parties and it does not terminate the litigation") (quotation marks omitted).

We have stated that the *Rooker-Feldman* doctrine "does not apply independently to interlocutory orders." *Kowalski v.*

*Boliker*, 893 F.3d 987, 995 (7th Cir. 2018). But we have also stated that "interlocutory orders entered prior to the *final disposition* of state court lawsuits are not immune from the jurisdiction-stripping powers of *Rooker-Feldman*." *Sykes*, 837 F.3d at 742 (emphasis added). The Bauers' argument fails because the record shows that the foreclosure case against them is effectively final. The Bauers paid all monetary judgments against them, thus negating the need for a judicial sale, and the foreclosure plaintiffs then filed a satisfaction of judgment and cancellation of notice of lis pendens with the state court. *See* 735 Ill. Comp. Stat. 5/15-1603(f)(3) (requiring that upon receipt of all payment owed, the mortgagee shall furnish a release of the mortgage or a satisfaction of the judgment and evidence of any indebtedness secured by the mortgage shall be cancelled).

Because the satisfaction of judgment effectively ended the state proceeding, there is a "judgment" under *Rooker-Feldman*. *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 459 (3d Cir. 2019) (agreeing with the holding of six other circuits that there is a state-court "judgment" under *Rooker-Feldman*, even in the absence of a final appealable order so long as the state-court interlocutory order is "effectively final"). And even if the Bauers were correct that there is no final judgment for purposes of *Rooker-Feldman*, "[n]othing in the Supreme Court's decisions suggests that state-court decisions too provisional to deserve review within the state's own system can be reviewed by federal district and appellate courts." *Harold*, 773 F.3d at 886.

The Bauers relatedly argue that because the foreclosure order was not final and appealable, *Rooker-Feldman* does not bar their constitutional claims because they had no reasona-

ble opportunity to raise them in state court. *See Jakupovic v. Curran*, 850 F.3d 898, 904 (7th Cir. 2017). But the "reasonable opportunity" inquiry focuses on "difficulties caused by factors independent of" opposing parties' actions that preclude a plaintiff from litigating federal claims in state court. *Id.* (internal quotation marks and alteration omitted). The Bauers do not identify any such difficulties. Indeed, the record reflects that the Bauers pursued these arguments both in the foreclosure case (through a filing notifying the state court of defendants "tampering with the evidence") and in their later state suit (which raised substantially the same allegations as those made here).

Finally, the Bauers contend that *Rooker-Feldman* should not apply because none of the defendants were a party to the state-court foreclosure action. But whether any defendant was a party to the state-court action is a consideration under the doctrine of claim preclusion, not *Rooker-Feldman*. *See Moore*, 908 F.3d at 1062 n.8.

We have considered the Bauers' remaining arguments, and none has merit.

AFFIRMED