NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2021*
Decided March 26, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1832

| | |
|---|---|
| LEO E. DILLON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:19-cv-00214-RLY-MPB |
| INDIANA DEPARTMENT OF CHILD SERVICES, et al.,<br>    *Defendants-Appellees*. | Richard L. Young,<br>*Judge*. |

**O R D E R**

After a state court garnished his wages for child support, Leo Dillon sued the Indiana Department of Child Services and Matthew Keppler, the deputy prosecutor of Vanderburgh County, for obtaining adverse state-court orders. Because the district

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court correctly dismissed Dillon's complaint as barred by the *Rooker-Feldman* doctrine, we affirm.

Dillon sued the defendants in federal court to contest the validity of state-court orders about paternity and child support. Among other things, Dillon challenged state-court orders that garnished his wages and held him in contempt for disregarding the court's orders. The district court dismissed Dillon's complaint as unintelligible but permitted him to amend. The court then dismissed without prejudice his amended complaint, which asked the court to "set aside" all state-court orders against him, because it concluded that Dillon's claims were barred by the *Rooker-Feldman* doctrine and therefore outside of federal subject-matter jurisdiction. *See Rooker v. Fid. Tr. Co.,* 263 U.S. 413 (1923*); D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Dillon's appeal is unavailing. The district court never entered a judgment in accordance with Rule 58, but Dillon timely appealed within 150 days of the entry of its dismissal order. *See* FED. R. CIV. P. 58(a), FED. R. APP. P. 4(a)(7)(A)(ii). His appellate brief is defective because it merely annotates a partial timeline of the state-court paternity and child-support proceedings against him. Even liberally construed, the brief contains no "cogent arguments," so we could dismiss the appeal on that basis. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017); *see also* FED. R. APP. P. 28(a)(8). Nonetheless, mindful of Dillon's pro se status, we explain why the district court properly dismissed his case.

The district court correctly dismissed Dillon's complaint under *Rooker-Feldman* because his suit is based on the claim that state-court judgments had injured him. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). The doctrine bars "state court losers" from complaining to federal district and appellate courts that state-court judgments violated their federal rights. *E.A. v. Gardener*, 929 F.3d 923, 924 (7th Cir. 2019). Because *Rooker-Feldman* is a jurisdictional bar, it precludes consideration of the merits of Dillon's complaint. *Lennon v. City of Carmel*, 865 F.3d 503, 506 (7th Cir. 2017). The bar applies both to the state court's substantive rulings (garnishing Dillon's wages), and its procedural rulings (holding him in contempt). *Sykes v. Cook Cnty. Circuit Court Prob. Div.*, 837 F 3d 736, 742 (7th Cir. 2016).

Dillon unpersuasively attempts to overcome *Rooker-Feldman's* bar by suggesting that serious constitutional violations produced the state court's adverse judgments. But "[t]here is no exception for egregious error"; Dillon's federal remedy was to seek review in the United States Supreme Court. *Lennon*, 865 F.3d at 506. And because Dillon had no

state appeal pending when he filed his federal suit, the bar applies to his case. *See Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014) (doctrine does not apply if a state-court appeal is pending); *Harold v. Steel*, 773 F.3d 884, 885–86 (7th Cir. 2014) (*Rooker-Feldman* applies to all unappealed state-court judgments, not just state high-court judgments).

Other insuperable obstacles also block this suit. The only conceivable statutory basis for the suit is 42 U.S.C. § 1983, and it does not apply to a state agency like the Indiana Department of Child Services, which is not a "person" under § 1983. *See Will v. Mich. Dep't of State Police*, 493 U.S. 58, 65–66 (1989). Also, as a public prosecutor sued for acting within the scope of his duties, Keppler enjoys absolute immunity from suit. *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018).

AFFIRMED