NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2022[*]
Decided January 19, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1149

| | |
|---|---|
| DAVID MARTIN, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 20-cv-04203 |
| STATE OF ILLINOIS, et al., <br> *Defendants-Appellees*. | John Robert Blakey, <br> *Judge*. |

**O R D E R**

For more than a decade, David Martin has not paid his child-support obligations, which now total more than $70,000. He sought relief in federal court and sued the State of Illinois and the state agencies, judges, and officials who were involved in the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

collection of his outstanding debt, asserting that their collection efforts violated his right to due process. The district court screened Martin's complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed it because the court determined that Martin's claims were challenges to the state court's underlying child-support judgment, so the *Rooker-Feldman* doctrine blocked them. We agree and affirm the judgment but clarify that the dismissal is without prejudice.

In 2002, the State's Attorney initiated child support proceedings against Martin in the Circuit Court of Cook County. The court promptly entered a temporary agreed order that required Martin to pay $300 per month in child support. It later entered the same order as a permanent judgment in 2005. Martin says that, despite that judgment, the child support collection agency told him and his employer that he was not legally obligated to pay support, and so he did not pay.

In 2017, however, the Illinois Department of Healthcare and Family Services filed a petition for an arrearage judgment in the circuit court. This began a flurry of litigation over Martin's past-due child support. The state court initially entered judgment for $71,955 in arrearages, interest, and penalties, but it later vacated that order and rescheduled a hearing on the amount Martin owed. Martin responded by first bringing counterclaims against the Department in state court and then, before the counterclaims could be resolved and his arrearages redetermined, filing this case in federal court.

In his amended complaint, Martin alleged that state officials interfered with his parental rights by trying to collect support from him. Further, he complained about the way various judges managed their courtrooms and their rulings against him. Martin requested that the district court enjoin the arrearages litigation in state court, enjoin the judges from hearing the case, and award damages.

The district court dismissed the complaint at screening for a variety of reasons. Most important for present purposes, the court invoked the *Rooker-Feldman* doctrine, which provides that lower federal courts lack jurisdiction to overturn state-court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). The court also identified various other deficiencies on the complaint's merits. Martin appealed challenging all aspects of the court's order.

Because the *Rooker-Feldman* doctrine implicates subject-matter jurisdiction, that is where we must begin. *See Lennon v. City of Carmel*, 865 F.3d 503, 506 (7th Cir. 2017). We review the district court's application of the doctrine de novo. *Andrade v. City of*

*Hammond*, 9 F.4th 947, 949 (7th Cir. 2021). The doctrine is a narrow prohibition against lower federal courts' taking subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This includes "[c]laims that directly seek to set aside a state-court judgment," and those that seek "relief that is tantamount to vacating the state judgment." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). Ultimately, the doctrine bars lower federal courts from considering claims based on injuries that are "caused by the state-court judgment." *Id.*

Martin's appellate brief confirms that the relief he seeks is for the federal courts to effectively vacate the 2005 child-support judgment and so his claims are foreclosed by *Rooker-Feldman*. He asks for the court to order a complete cessation of all child-support arrearages litigation against him by enjoining the State of Illinois, its employees, its agencies, and its courts from enforcing his obligation to pay child support. Our blocking all enforcement of a judgment, as he requests, would be tantamount to reviewing and setting aside that judgment—something we cannot do. *Mains*, 852 F.3d at 675.

Martin raises several arguments to escape *Rooker-Feldman*, but none is persuasive. First, he asserts he was not a state-court loser at the time he filed the complaint, because the state court had not finally determined the amount of his arrearages. But he ignores that the 2005 permanent support order was itself a final judgment ordering him to pay the full amount of the child support he owes. The arrearages litigation is just a supplemental proceeding to enforce that much earlier judgment. *See Deckard v. Joiner*, 255 N.E.2d 900, 903 (Ill. 1970); *see also Star Ins. Co. v. Risk Marketing Grp. Inc.*, 561 F.3d 656, 659 (7th Cir. 2009) (final judgment exists when all that remains is enforcement). Because his alleged injury is directly caused by that judgment, any relief would be incompatible with *Rooker-Feldman*. *See Mains*, 852 F.3d at 675.

To separate his injury from the judgment, Martin frames his claim as a challenge to the validity of a contract—namely, the 2003 temporary agreed order, which, he asserts, he never agreed to and therefore amounts to "extrinsic fraud" that escapes the *Rooker-Feldman* bar. True, *Rooker-Feldman* does not block lawsuits that seek damages for extrajudicial injuries caused by independent acts, including fraud, that precede state litigation. *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015). But the alleged fraud here is entirely intrinsic to the judgment. No injury arose from the agreement or "contract"

itself; the only injury was from the state court's orders and judgment accepting and implementing it. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). Martin cannot escape the *Rooker-Feldman* bar by insisting a state-court judgment was obtained fraudulently. *See Mains*, 852 F.3d at 676 ("If we were to delve into the question whether fraud tainted the state court's judgment, the only relief we could give would be to vacate that judgment."). The Supreme Court of the United States is the only federal tribunal that can review the judgment, no matter the reason Martin might challenge it. *Iqbal*, 780 F.3d at 729.

The only argument that comes close to alleging a fraud that evades *Rooker-Feldman* involves events *after* the 2005 judgment. Martin asserts that the state collection agency wrongly told him that he did not have to pay child support, and so he was surprised when the State later sought arrearages. But this theory is unavailing because Martin's brief makes clear that he wants the federal courts to end his obligation to pay child support. Even were it true that someone at the collection agency told Martin he need not pay child, his claims are still barred by *Rooker-Feldman* because the injury for which he seeks relief is not the agency's misrepresentation, but the underlying obligation, i.e., the judgment. *Iqbal*, 780 F.3d at 729.

The district court therefore properly dismissed the complaint under the *Rooker-Feldman* doctrine. But because the district court's judgment is ambiguous on this point, we take the opportunity to clarify that Martin's claims are dismissed without prejudice because the court lacked jurisdiction. *See Jakupovic v. Curran*, 850 F.3d 898, 904 (7th Cir. 2017). We thus do not reach the parties' arguments on the merits of his complaint. So clarified, the judgment is AFFIRMED.