**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022[*]
Decided March 21, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2055

| | |
|---|---|
| JESSE SCHWORCK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 3:19-cv-312 |
| | |
| CITY OF MADISON, et al., | William M. Conley, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Jesse Schworck, a co-founder of a Rastafarian church, appeals from summary judgment entered for officials of Madison, Wisconsin, whom he sued over their enforcement of local laws that ban certain drug activity and restrict building usage.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Schworck invoked 42 U.S.C. § 1983; the First, Fifth, and Fourteenth Amendments; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc; and the Wisconsin Constitution. In a thorough opinion of nearly 50 pages, the district court rejected all claims. On appeal, Schworck raises a new argument. He contends that the defendants substantially burdened his religious exercise by defaming him and his church as "drug dealers," leading to the eviction of his church from rented property. This argument is both waived and meritless, and we thus affirm. We add a small modification reflecting that any of Schworck's claims about injuries caused by the eviction judgment did not fall within the jurisdiction of the district court.

Schworck's dispute with the City of Madison began in February 2019 when he planned to use a rented storefront for his church, The Lion. Around that time, Madison's police department and city attorneys accused Schworck and others of illegally using and distributing marijuana at the church. (The church contends that it used marijuana as a sacrament.) Next, a building inspector found hazardous building-code violations, leading the city to forbid occupancy until the church resolved the problems. Also, the city thwarted the church's plans to alter the rented space because it did not submit the required construction plans to the city. Finally, based on evidence of illegal drug use, the church's landlord sought to evict the church for violating the lease's terms. A state judge considered and rejected Schworck's defenses that the church did not violate local laws banning marijuana use, or that federal and state law protected the church's use of marijuana. The court then entered a judgment of eviction.

About two weeks after the eviction, Schworck filed his operative complaint in federal court. He accused the defendants of violating his federal and state rights by conspiring to halt The Lion's operations. His injuries fall into two groups: injuries that occurred before the eviction and injuries caused by the eviction. As for events before the eviction, Schworck alleged that city officials required The Lion—but not other churches—to comply with the city's laws. And the eviction itself (which Schworck described as the defendants' goal) harmed Schworck and The Lion because it deprived them of a private space in which to worship and shelter fellow members.

The district court entered summary judgment for the defendants, citing several reasons. Among them, it ruled that Schworck lacked evidence of a substantial burden on his religious exercise, that the city treated comparable churches better, or that the defendants had conspired (thus defeating his federal-law claims). In addition, the court added, RLUIPA did not nullify local laws banning the distribution of marijuana.

Finally, the court ruled that the Wisconsin Constitution did not provide a basis for money damages, and state sovereign immunity blocked injunctive relief.

On appeal, Schworck does not engage with the district court's thorough analysis. "[A]n appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018) (emphasis in original). We could dismiss Schworck's appeal on that basis alone. *See Cole v. Comm'r of Internal Revenue*, 637 F.3d 767, 772–73 (7th Cir. 2011). Furthermore, the one argument that he develops on appeal—that the defendants' "defamatory" accusation of illegal drug activity violated his federal and state rights—was never presented in the district court. It is therefore waived. *See Markel Ins. Co. v. Rau*, 954 F.3d 1012, 1018 (7th Cir. 2020). For the sake of completeness, we briefly examine it.

Schworck's new contention that the defendants defamed and harmed him and his church by falsely accusing them of illegally trafficking drugs is meritless. Truth is a defense to an allegation of defamation. *Laughland v. Beckett*, 870 N.W.2d 466, 473 (Wis. Ct. App. 2015). And Schworck is precluded from denying that he and his church illegally used drugs. In defending against the eviction suit in state court, Schworck contested the landlord's charge that marijuana-based activity at The Lion was unlawful. But the state court rejected that contention. Issue preclusion blocks a litigant from disputing in a later suit a decision that the litigant lost in an earlier suit. *See* 28 U.S.C. § 1738; *DeGuelle v. Camilli*, 724 F.3d 933, 935–38 (7th Cir. 2013) (applying issue preclusion under Wisconsin law to federal suit). Therefore, his contention that the defendants defamed him with a charge of illegal drug use fails.

We close with a slight modification to the district court's judgment. Part of Schworck's claims in the district court was that the eviction judgment injured him. But, under the *Rooker-Feldman* doctrine, federal district courts lack the power to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). To the extent that his injury—the burden on his religious exercise—occurred because of the eviction, any claim based on that injury is barred. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). If Schworck believes that the state court erred in ruling that the marijuana use was illegal or unprotected, his remedy was to appeal within the state-court system and

to seek Supreme Court review, not to sue about that error in federal district court. *See Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008).

The judgment is therefore AFFIRMED as modified. The pending motions (including a belated motion to file an additional brief) are DENIED.